JENKS, P. J., THOMAS and PUTNAM, JJ., concurred; BURR, J., taking no part.

Judgment affirmed, with costs.

———————

HENRY F. QUICK and EMMA QUICK, Appellants, *v.* HOWARD L. QUICK, as Executor of CLARENCE W. QUICK, Deceased, Substituted Defendant in the Place and Stead of METROPOLITAN LIFE INSURANCE COMPANY OF NEW YORK, Respondent.

Second Department, April 10, 1914.

Insurance — policy payable to legal representatives of insured — reservation of power to change beneficiary — will — bequest of proceeds of policy.

A policy of life insurance was made payable to the insured if living at its maturity, otherwise "to the legal representatives of the insured," and reserved to the insured the right to change the beneficiary upon complying with the rules of the company. The insured did not change the

beneficiary named in the policy, but, by will, bequeathed the proceeds of the policy to Q., stating that she should receive all moneys due thereunder the same as if she were named beneficiary. The residue of his estate he devised and bequeathed to his wife. On all the evidence,

*Held,* that the insured intended the proceeds of the policy to go to his estate, to be administered by his executors pursuant to the terms of his will.

APPEAL by the plaintiffs, Henry F. Quick and another, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 1st day of December, 1913, upon the decision of the court after a trial at the Kings County Special Term.

*William Liebermann,* for the appellants.

*Lewis C. Grover* [*James W. Redmond* with him on the brief], for the respondent.

Judgment affirmed, with costs, on the opinion of Mr. Justice KELLY at Special Term.

JENKS, P. J., BURR, CARR, RICH and STAPLETON, JJ., concurred.

The following is the opinion of the court below:

KELLY, J.:

The insurance policy in this case is payable to " Clarence W. Quick * * * herein called the insured, on the 12th day of June, 1927, if the insured be then living * * * or upon * * * prior death of the insured to the legal representatives of the insured." The policy bears date June 12, 1907. Under the terms of the policy the right of revocation was reserved and the insured had power to change the beneficiary named upon complying with the rules of the insurance company. On June 27, 1907, fifteen days after the issuance of the policy, Mr. Quick made his will, of which he appointed the defendant, his brother, the executor. By this will he gave to one Mary Ellen Quinn, wife of Robert Quinn, all moneys to become due under this insurance policy as well as under other policies mentioned in the will, reciting his intention " that the said Mary Ellen Quinn should receive all moneys due under said

policies the same as if she was named beneficiary in said policies." All the rest, residue and remainderiof the property he gave, devised and bequeathed to his wife, Emma Quick. He died May 17, 1912, leaving his widow and one son surviving him. He never changed the beneficiary named in the policy. The question at issue is whether the amount of the insurance should go to the widow and son, or to the executor, to be paid over to Mary Ellen Quinn as directed by the will. What do the words "legal representatives of the insured" mean, when used in the policy with reference to the $1,000 insurance money? Did the insured mean his next of kin, or his executors or administrators? As a general proposition, such words used in a will with reference to personalty mean executors or administrators, and that meaning will be attributed to them unless there be facts to show that they were not used in the ordinary sense. (*Griswold* v. *Sawyer*, 125 N. Y. 411; *Sulz* v. *M. R. F. L. Assn.*, 145 id. 563; *Leonard* v. *Harney*, 173 id. 353.) I think the facts in this case show clearly that the insured intended the money to go to his estate, and that the words must be interpreted in their ordinary sense. The application for insurance is in evidence signed by deceased. After answering the question whether he is single or married he answers "Married." The very next question is "Whom do you designate to receive the proceeds," etc.? and his answer is "Estate," and it is significant that the next question referring to beneficiary, "His or her relationship to you," is followed by a blank or dash. I think Mr. Quick meant that the policy should be administered by his executor, or by bequest in his will. He certainly had his wife and child in mind and deliberately used the word "estate." This is confirmed by his action fifteen days later when he specifically bequeaths this money to Mary Ellen Quinn. He lived for five years thereafter. I cannot judge his motives, or the propriety of his action. He is not here to explain them. I think the money goes to the executor. No costs.

# CASES REPORTED WITH BRIEF SYLLABI

AND

# DECISIONS HANDED DOWN WITHOUT OPINION.